UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN CARLOS HERNANDEZ, CDCR #BG-2900,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-1143-RSH-JLB<br><br>**ORDER:**<br><br>**(1) DIRECTING CLERK OF COURT TO SEND PLAINTIFF COPIES OF COMPLAINT AND FIRST AMENDED COMPLAINT, AND**<br><br>**(2) EXTENDING TIME TO FILE SECOND AMENDED COMPLAINT** |

　　　　On August 1, 2022, Plaintiff Julian Carlos Hernandez, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP") and a Motion to Appoint Counsel. ECF Nos. 1–2, 4. On August 29, 2022, the Court denied those motions without prejudice and dismissed the Complaint with leave to amend.[1] ECF No. 5. Plaintiff subsequently filed a

---

[1]　　In response to Plaintiff's question regarding the definition of "leave to amend," ECF No. 11 at 3, the Court clarifies that when Plaintiff was granted leave to amend, that meant the Court gave him permission to change or correct his complaint.

First Amended Complaint ("FAC") with a renewed motion to proceed IFP. ECF Nos. 6–8. On November 16, 2022, the Court granted Plaintiff leave to proceed IFP and dismissed the FAC for failure to state a claim. ECF No. 10. Plaintiff was instructed that if he wished to proceed with this action, he was required to file a Second Amended Complaint ("SAC") on or before January 3, 2023. *Id*. at 12–13.

On November 28, 2022, Plaintiff filed a document titled "Letter and Update," in which he requests copies of documents and clarification of the Court's November 16, 2022 Order. ECF No. 11. The Court addresses each request in turn below.

First, Plaintiff requests copies of his original Complaint and FAC because he sent the originals of those documents to the Court, did not retain copies, and has no means of obtaining copies which he needs to draft his SAC. *Id.* at 1. Plaintiff's request is **GRANTED**. The Clerk of Court is **DIRECTED** to send copies of the Complaint (ECF No. 1) and FAC (ECF No. 7) to Plaintiff along with a copy of this Order.

Plaintiff also requests copies of the cases and Federal Rules of Civil Procedure cited in the Court's November 16, 2022 Order (ECF No. 10). ECF No. 11 at 1–3. However, Plaintiff has made no showing that copies of those items are necessary for him to follow the instructions in the Court's Order, which direct him to include factual allegations within his personal knowledge as necessary to state a claim for relief as explained in that Order. Plaintiff's request is therefore **DENIED**.

Plaintiff asks whether he is required to submit a new IFP motion with his SAC. *Id.* at 1. The answer is no. Plaintiff has already been granted leave to proceed IFP in this action, and he does not need to renew his IFP motion for each new version of his Complaint, including the SAC.

Further, Plaintiff requests the identification of the documents referred to in the Court's November 16, 2022 Order as ECF Nos. 6 and 8. *Id.* ECF No. 6 is Plaintiff's September 16, 2022 Motion for Leave to Proceed IFP, and ECF No. 8 is Plaintiff's October 11, 2022 Motion for Leave to Proceed IFP. Both motions were granted in the Court's November 16, 2022 Order. *See* ECF No. 10.

Finally, Plaintiff contends that his limited time in the prison law library, among other reasons, has resulted in difficulty meeting the time to file an SAC. ECF No. 11 at 1–2. The Court construes this as a request for an extension of time to file the SAC and finds it is appropriate here. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (noting that a request for extension to amend a complaint was warranted based on plaintiff's out-of-state incarceration, his *pro se* status, and his previous attempts to amend). Therefore, Plaintiff's request for additional time is **GRANTED,** and the SAC is now due **on or before March 3, 2023**.

**IT IS SO ORDERED**.

Dated: December 7, 2022

Hon. Robert S. Huie
United States District Judge